UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| ALBERTO HARRIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> WILLIAM GOINS, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 6: 15-151-DCR <br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

*** *** *** ***

This matter is pending for consideration of Plaintiff Alberto Harris' motion for an extension of the deadlines contained in the Scheduling Order entered February 29, 2016. [Record No. 46] According to the Scheduling Order, motions to join additional parties or amend the pleadings were due by July 29, 2016. [Record No. 28, ¶ 7] The plaintiff's deadline for disclosing the identity of expert witnesses and expert reports was May 31, 2016, while the defendants' corresponding deadline was June 30, 2016. [*Id.*, ¶ 2] Disclosure of rebuttal experts and their written reports was due within thirty days of the disclosure made by the other party. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). In addition, the Court scheduled completion of discovery for August 31, 2016, with a dispositive motion deadline of September 30, 2016. [*Id.*, ¶¶ 4, 8]

While Harris nominally requests an extension of all deadlines contained in the Scheduling Order, he focuses primarily on discovery deadlines and, in particular, on expert witness disclosure deadlines. As grounds for the motion, the plaintiff asserts that the

defendants failed to comply with the Federal Rules of Civil Procedure in answering his discovery requests. [Record No. 46, ¶¶ 8−11] Harris further indicates that the discovery responses were inadequate and had to be supplemented. [*Id.*, ¶¶ 22−23] As a result, he contends that he had to move depositions to a later date, and one of the defendants was unable to attend the rescheduled deposition. [*Id.*, ¶¶ 12−13, 15] Harris also asserts that he could not have retained an expert and disclosed the expert's report by the deadline due to the defendants' untimeliness. [*Id.*, ¶¶ 21, 22] Moreover, he argues that the defendants' conduct necessitates an extension of the deadline for completing discovery. [*Id.*, ¶ 31]

Defendants William Goins, Patrick Robinson, George Stewart, Unlawful Narcotics Investigations Treatment and Education, Inc. ("UNITE"), and the City of Manchester have responded to Harris' motion, indicating that they do not object to an enlargement of time for discovery but that they object to an extension of any other deadlines. [Record No. 49, p. 3] Although the other defendants have not filed a response, the time period for filing such a response has lapsed. *See* Local Rule 7.1(b). For the reasons explained below, the Court will grant the plaintiff's motion, in part, and deny it, in part.

Under Rule 16 of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." In considering whether a party has demonstrated good cause, the Court considers: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect" the proceeding; "(3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). "The focus is primarily upon the diligence

of the movant." *Harwood v. Avaya Corp.*, No. 2:05-cv-0828, 2007 WL 188565, *1 (S.D. Ohio Jan. 22, 2007).

The record indicates that Harris was aware that he would need more time for discovery by June 7, 2016, at the latest. [Record No. 41] In fact, because the defendants had not responded to discovery requests by mid-May, causing the need to reschedule key depositions, Harris should have been aware of the need for more time at that point. [Record No. 46, ¶¶ 9−12] However, he did not move for an extension until July 31, 2016, after the deadlines for amending the pleadings, joining additional parties, and disclosing experts and their written reports had already passed. [Record No. 46] Consequently, the first factor weighs in favor of denying the request for an extension with regard to deadlines that have already passed. *See Dowling*, 593 F.3d at 478. Further, extending the expert disclosure deadlines would negatively affect the proceeding by prejudicing the defendants. *See id.*

In *Moore v. Industrial Maintenance Service of Tennessee, Inc.*, the court observed that a failure to "timely move for modification" of a scheduling order, "despite having ample time" between learning of the need for the modification and actually requesting it, constitutes grounds for denying the request. 570 F. App'x 569, 577 (6th Cir. 2014). The court also reasoned that the non-movant could "demonstrate possible prejudice if the modification were granted" because "[i]t timely disclosed its expert without the benefit of knowing what the [movants'] experts would have said." *Id.* Further, even if the non-movant's deadline were also extended, the non-movant would have to "expend more time, money, and resources to rebut the [movants'] newly-disclosed expert evaluations." *Id.*

The present case is similar to *Moore* because Harris waited until two months after his expert disclosure deadline to move for modification of the Scheduling Order. [Record Nos. 28, ¶ 2; 46] Regarding the third factor—the length of the discovery period—the Court gave the parties six months to complete discovery, which is common practice in most cases. *See Dowling*, 593 F.3d at 478. [Record No. 28, ¶ 4] With respect to the fourth factor, the late-filed motion seems to display dilatory motives by the movant, even though the movant, at some point, had reasons for requesting an extension of the expert disclosure deadlines. *See id.* For instance, Harris claims that the defendants' discovery responses were inadequate; however, in the June 6, 2016 Joint Status Report, he stated that Clark County answered the discovery and that the City of Manchester "substantially answered" the discovery. [Record No. 40, p. 2]

In addition, the defendants' responses to Harris' complaints regarding discovery demonstrate that the original responses were not as deficient as Harris now contends. [*See* Record Nos. 49-1, 49-2.] These facts also relate to the fifth factor—the adverse parties' responses to the prior discovery requests. *See Dowling*, 593 F.3d at 478. Although the defendants may have been dilatory by submitting late and somewhat-deficient discovery responses, the test's focus is on the diligence of the movant. Thus, this factor weighs strongly against granting Harris' motion as it relates to the expired deadline for expert disclosures.[1] *See Harwood*, 2007 WL 188565, at *1.

The Court notes that the plaintiff's motion was not untimely as it concerns the deadline for rebuttal expert disclosures. *See* Fed. R. Civ. P. 6(d), 5(b)(2)(E). However,

---

[1] The same reasoning provides the Court with the basis for denying the motion to the extent it concerns the deadline for amending the pleadings and joining additional parties.

requesting an extension within a few days of the deadline is not good practice, especially when Harris was aware of the possible need for an extension at least 54 days before he filed the request. [Record Nos. 41; 46] As a result, the factors in *Dowling* also weigh in favor of denying the request for an extension as it relates to the deadlines for rebuttal expert disclosures.

On the other hand, Harris' motion is not untimely regarding the requested extension of other deadlines. The Court will extend the deadline for completing discovery by approximately one month. Consequently, the Court will also extend the deadline for filing dispositive and *Daubert* motions. To the extent Harris requests new dates for the pretrial conference and trial, he did not adequately explain the grounds for that request. Due to the fact that some of the defendants oppose an extension of those dates, and because the Court will still have sufficient time to render a decision regarding any dispositive or *Daubert* motions, that particular request will be denied. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Alberto Harris' motion for an extension of the deadlines contained in the Scheduling Order [Record No. 46] is **GRANTED**, in part, and **DENIED**, in part.

2. The deadline for completing discovery is extended through **September 30, 2016**.

3. The deadline for filing dispositive motions is extended through **October 28, 2016**.

4. All other deadlines contained in the Scheduling Order [Record No. 28] shall remain in place.

This 11th day of August, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge