UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ALBERTO HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 15-151-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM GOINS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The defendants have moved to exclude certain exhibits during the upcoming trial[1] [Record Nos. 122, 126] and the plaintiff has moved to exclude the testimony of a number of the defendants' proposed witnesses [Record No. 138], including the defendants' expert Michael Bosse [Record No. 136]. As explained below, the motions will be granted, in part, and denied, in part.

### I.   Motion to Withdraw Christina Little's Deemed Admissions

Defendant Christina Little was served with the Complaint on October 12, 2015, but she did not answer or otherwise appear. Harris served Little with requests for admission on March 28, 2016, but not surprisingly, Little did not respond. Harris now seeks to introduce Little's unanswered requests for admission as evidence during trial. [Record No. 113] However, the defendants argue that Little's admissions should be withdrawn and precluded from introduction during trial. [Record No. 122]

---

[1] The defendants filed a motion which duplicates the motion at Record No. 122. [Record No. 123]

Federal Rule of Civil Procedure 36(a)(3) provides that a matter is deemed admitted unless the party to whom the request is directed serves a response within 30 days. The general rule is that admissions are binding on the party who made them. Although Little's deemed admissions could be offered *against her* under Federal Rule of Evidence 801(d)(2), she has not made an appearance in the case.[2] Harris has not identified any exception to the rule against hearsay that would allow introduction of Little's admissions against other defendants.

Additionally, withdrawal of the admissions would promote the presentation of the merits of the action. Fed. R. Civ. P. 36(b). For example, Harris asked Little to admit that she never purchased Xanax from him and that the defendants instructed her to leave Xanax pills at his home on September 16, 2010. [Record No. 122-1] Giving Little's admissions conclusive effect would be extremely prejudicial to the defendants. Further, Harris has not shown that he would be harmed by withdrawal of the deemed admissions. There is no indication that Harris sought further discovery from Little, despite her failure to answer the requests for admission, which were served well before the close of discovery. [Record Nos. 51, p. 5; 102-17, p. 12] Further, Little is expected to be called as a witness at trial, where she will be subject to cross-examination. [*See* Record Nos. 114, 120] Based on the foregoing, the defendants' motion to withdraw Little's deemed admissions will be granted.

## II. Objections to Exhibits

---

[2] The Sixth Circuit does not appear to have addressed the issue, but some courts have determined that a defendant who has not answered or appeared is not a "party" for purposes of Rule 36 requests for admission. *See Future World Elecs., LLC v. Over Drive Marketing, LLC*, No. 3: 12-cv-2124, 2014 WL 1794835, at *4 (N.D. Tex. May 5, 2014) (citing *In re Liu*, 282 B.R. 904, 910 (Bankr. C.D. Cal. 2002)). Instead, such parties can be served with discovery as a non-party under Rule 45. *Id.*

The parties' have objected to the other's proposed trial exhibits on the ground that they have not been sufficiently identified as required by Federal Rule of Evidence 26(a)(3)(iii). [Record No. 122, p. 6-16, 127] After the parties filed their exhibit lists and objections, the Court entered a Second Revised Scheduling Order requiring them to exchange exhibit lists on or before November 3, 2017. [Record No. 164, p. 1] The Order also directed the parties to pre-mark and number all exhibits and provide copies to opposing counsel. *Id.* at p. 2. Providing copies of the exhibits as ordered reduces the risk that opposing counsel will be unable to identify them. The parties' objections based on an insufficient description of exhibits will be denied as moot.

### III. Use of Depositions

The defendants also have filed "objections to depositions" in which they argue, essentially, that Harris should be precluded from testifying inconsistently with his deposition testimony. [Record No. 124] Should Harris provide trial testimony that is inconsistent with his deposition testimony, the defendants may attempt to introduce his prior statements under Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 801.

The defendants also object to the introduction of Chris Fultz's deposition testimony. Fultz was designated an organizational representative of the Manchester Police Department pursuant to Federal Rule of Civil Procedure 30(b)(6) and is expected to testify at trial. Harris's counsel allegedly questioned Fultz during his deposition in a manner that exceeded the scope of the deposition notice. The defendants contend that Harris should be precluded from relying on this deposition testimony during trial. [Record Nos. 124, p. 5; 124-2]

Rule 30(b)(6) does not limit what can be asked at a deposition, nor does it confer a special privilege on a deponent responding to this type of notice. *New World Network Ltd. v.*

*M/V Norwegian Sea*, No. 05-22916, 2007 WL 1068124, at *3 (S.D. Fla. April 6, 2007) (quoting *King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D. Fla. 1995)). Harris could have simply re-noticed Fultz under the regular notice provisions and asked him the questions to which the defendants objected. However, such measures are not necessary absent a compelling reason. *Id.* Instead, "[i]f the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern." *Id.*

Harris has not indicated that he plans to introduce Fultz's deposition testimony at trial. Should the Harris attempt to introduce the testimony, however, he may do as permitted by Federal Rule of Civil Procedure 32 and the Federal Rules of Evidence.

### IV. Objections to Witnesses

#### A. Defendants' Objections

The defendants have moved to strike several of the plaintiff's proposed witnesses. [Record No. 126] Specifically, the defendants argue that Harris should be precluded from calling Teresa Jones and Michael Shane Minton to testify because he did not disclose their addresses and telephone numbers, as required by Federal Rule of Civil Procedure 26(a)(3). Harris contends in his belated response that the contact information for these witnesses had already been provided and, therefore, he was not required to include it in his witness list. [Record No. 149, p. 1] The Court declines to rule on the merits of the defendants' motion in light of the Second Revised Scheduling Order which provides a new date for filing witness lists. The Court notes, however, that the address and telephone number of a witness must be provided under Rule 26(a)(3) only when the information has not been provided previously.

The defendants also object to Harris's inclusion of "catch-all" witnesses, including "any person identified on any trial exhibit." Indeed, Rule 26 requires the identity of individual

witnesses who are expected to testify—not a category of witnesses. Parties must *specifically identify* any witnesses they may use at trial or risk being barred from calling such witnesses. *McDole v. City of Saginaw*, 471 F. App'x 464, 479-80 (6th Cir. 2012) (citing Fed. R. Civ. P. 37(c)(1)). Although it appears that Harris did not sufficiently identify each of his expected witnesses, the defendants' motion to strike will be denied as moot, based on the parties' upcoming obligation to submit revised witness lists.

### B.     Harris's Objections

Harris has moved to exclude the testimony of the defendants' proposed expert witness, Michael Bosse. [Record No. 136] The defendants retained Bosse to provide his opinions regarding the events between the defendants and the plaintiff on September 16, 2010. [Record No. 136-1] Harris contends that Bosse did not rely on sound principals or methods in reaching his conclusions. However, Bosse reported that he relied on his extensive experience in law enforcement, which he described with particularity. [Record No. 136-1, p. 3] He also provided a lengthy list of documents he reviewed in reaching his opinions. [Record No. 136-1, p. 1]

When an expert relies "solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Antioch Co. Litigation Trust v. Morgan*, 633 F. App'x 296, 300 (6th Cir. 2015) (quoting Fed. R. Evid. 702 advisory committee's notes to 2000 amendments). The defendants have shown that Bosse applied a reliable methodology. Namely, Bosse "observed the relevant evidence" and "applied the specialized knowledge" gained from his educational and practical experience. *See Russell v. Whirlpool Corp.*, 702 F.3d 450, 457 (8th Cir. 2012). This methodology has been deemed reliable for various types of experience-based experts, most notably law enforcement officers.

*See United States v. Walker*, 657 F.3d 160, 176 (3d Cir. 2011). Officers like Bosse, with "a long history of specialized experience in a particular area" may opine on issues within that particular area. *See Heller v. District of Columbia*, 952 F.Supp.2d 133, 142 (D.D.C. 2013).

Notwithstanding his qualifications, Bosse may not testify on the ultimate issue of probable cause. "[I]t is the responsibility of the court, not testifying witnesses, to define legal terms." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). An expert's opinion may "embrace an ultimate issue to be decided by the trier of fact," but the issue embraced must be factual rather than legal. *Berry*, 25 F.3d at 1353-54. Accordingly, Bosse may not testify that probable cause existed, but may provide his opinion regarding the underlying facts, including whether Little was a qualified informant. *See Quinn v. Fresno Cnty. Sheriff*, No. 1: 10-cv-1617, 2012 WL 2995477, at *4 (E.D. Cal. July 23, 2012) (expert could testify regarding reliability of sources, but not that an officer lacked probable cause because he relied on those sources).

Harris also argues that Russell H. Davis, Jr. and B. J. Burkhart should not be permitted to testify because the defendants did not disclose their identities under Federal Rule of Civil Procedure 26(a)(1) or 26(e). [Record No. 138] He also objects to the testimony of Amy J. Trivette, M.D., and Terri Curran on the basis that their identities were not disclosed prior to the deadline for expert witness disclosures. Finally, he argues that the expected testimony regarding his prior criminal history is not admissible under Federal Rules of Evidence 404(b), 609, and 403.

Davis is the attorney who represented Harris during civil litigation in 2001. Harris claims that this litigation was a motivating factor for the defendants' alleged actions in this case. Harris did not disclose Davis as a party likely to have discoverable information under

Rule 26(a)(1). However, the defendants failed to supplement their Rule 26(a) disclosures by identifying Davis after they discovered his identity through their own investigation. The defendants suggest that they were not required to disclose Davis's identity because Harris should have done so in the first instance. However, it is the defendants, not Harris, who wish to call Davis as a witness during trial. The defendants have not provided substantial justification for their failure to disclose Davis's identity and, therefore, they will not be permitted to call him as witness, unless it is solely for impeachment. Fed. R. Civ. P. 26(a)(1); 37(c).

The defendants contend that Burkhart, Trivette, and Curran are fact witnesses whose identities were disclosed to the plaintiff well before the end of discovery.[3] Both Trivette and Curran were involved with Harris's state-court-ordered competency evaluation and neither has been asked to offer an expert opinion. Instead, the witnesses are expected to testify regarding their first-hand knowledge of Harris's admission to the Kentucky Correctional Psychiatric Center, which allegedly caused a delay in his criminal proceedings. Accordingly, the requirements of Rule 26(a)(2) do not apply and these witnesses will be permitted to provide relevant testimony regarding what they saw and did.

### C. Harris's Alleged Criminal History

Harris contends that any evidence regarding his criminal history is inadmissible. But the defendants argue that Harris's criminal history is relevant because it helps establish whether officers had probable cause to arrest him in September 2010. While the affidavit accompanying the search warrant made reference to citizen complaints of drug trafficking

---

[3] Harris did not file a reply, so the Court assumes that he does not contest the defendants' factual assertions regarding the defendants' disclosure of the witnesses.

from Harris's residence, there was no mention of his alleged past convictions in either warrant application. Accordingly, Harris's criminal history is not relevant in determining whether the warrants were supported by probable cause. *See Garmon v. Lumpkin Cnty., Ga.*, 878 F.2d 1406, 1409 (11th Cir. 1989).

Regardless of the validity of the arrest warrant, it is possible that the officers relied on additional facts which constituted probable cause to arrest Harris. *See United States v. Calandrella*, 605 F.2d 236, 246-47 (6th Cir.) (even where an arrest warrant is defective, existence of probable cause will support officer's action), *cert. denied*, 449 U.S. 991 (1979). Evidence of prior arrests and convictions can be helpful in establishing probable cause, especially where past crimes are similar to the one sought to be uncovered. *Greenstreet v. Cnty. of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994). To the extent there is evidence that officers relied on Harris's past crimes in deciding there was probable cause to arrest him, the evidence will be admissible, subject to Rule 403. Fed. R. Evid. 402.

The defendants argue, alternatively, that evidence of Harris's criminal history is admissible under Federal Rule of Evidence 404(b). Evidence of other relevant convictions may be used establish probable cause without regard to Rule 404(b). *United States v. $19,054.00 in U.S. Funds*, 5: 10-cv-319, 2012 WL 4094361, at *3 (M.D. Ga. Sept. 17, 2012). However, to the extent that the 404(b) factors are relevant to the officers' probable cause determination, the plaintiff may seek admission under this rule. Additionally, prior convictions may be admissible to impeach the plaintiff's credibility, subject to the constraints of Rule 403. Fed. R. Evid. 609.

The parties have not provided specific details regarding the alleged convictions or how they might be introduced. Accordingly, there is insufficient information for the Court to

determine whether past acts or convictions are admissible for any of the permitted purposes. The defendant's motion to exclude such evidence will be denied and the Court will consider the admissibility during trial, upon proper objection.

V.   Conclusion

1.   The defendants' motion to withdraw admissions and to strike exhibits [Record No. 122] is **GRANTED**, in part, and **DENIED**, as moot, in part.

2.   The defendants' duplicate motion to withdraw admissions and to strike exhibits [Record No. 123] is **DENIED**, as moot.

3.   The defendants' motion to strike witness list [Record No. 126] is **DENIED**, as moot.

4.   The plaintiff's motion to exclude the testimony of Michael D. Bosse [Record No. 136] is **DENIED**.

5.   The plaintiff's motion to exclude witnesses [Record No. 138] is **GRANTED**, in part, and **DENIED**, in part, consistent with this Memorandum Order and Opinion.

This 14th day of September, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge