UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ALBERTO HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 15-151-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM GOINS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendants Williams Goins, Patrick Robinson, The City of Manchester, Kentucky, and Unlawful Narcotics Investigation Treatment and Education, Inc.s' Bill of Costs, documentation in support of the Bill of Costs, the plaintiff's objections, and the defendants' response to the objections. [Record Nos. 199, 201, 202, 203] The Court will grant the defendants' Bill of Costs, in part, for the reasons discussed below.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." This language creates a strong presumption that the prevailing party will recover its costs. *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003); *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 462 (3d Cir. 2000); *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997). The party seeking costs, however, "bears the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable

federal law . . . ." *Epling v. United States*, 958 F. Supp. 312, 317 (W.D. Ky. 1997) (quotation omitted).

Taxable expenses are contained in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987). That section provides for recovery of:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Harris objects to the defendants obtaining specific costs for photocopies and witness fees for Christina Little and Harold Rader. Additionally, Harris makes an overall objection to the award of costs based on indigence.

### A. Photocopying Expenses

A court may only tax copies of documents "necessarily obtained for use in the case." 28 U.S.C § 1920(4); *King v. Gowdy*, 268 F. App'x 389, 391 (6th Cir. 2008). Harris argues that the defendants have offered no details to allow the Court to determine that the defendants' request for this expense meets this requirement.

The Sixth Circuit has instructed that district courts should not be a "simple rubber stamp" for photocopying expenses. *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1151 (6th Cir. 1998). Instead, a "district court should cast a strict eye toward counsel's expense

submissions." *Id*. at 1152. Here, the defendants' documentation filed in support of the amount does not describe what was photocopied. Rather, the documentation simply lists the date, the number of pages copied, the price per page, and a cursory description that states "IN-OFFICE COPIES." In response to Harris' objections, the defendants concede that, "despite diligent efforts to identify the specific pages printed for each line item, [they] are unable to provide further detail of the exact records printed." However, the defendants provide adequate information to tax photocopying expenses for 5,418 pages at $.10 per page.[1] And while the defendants argue that $616.10 in printing and copying expenses should also be taxed (bringing the total sought to $1,157.90) they provide no detail as to why the photocopies making up that total were necessarily obtained for use in the case. Instead, they make a conclusory statement that "these expenses represent copying and printing that was necessary for the case." [Record No. 203, p. 2] This explanation insufficient, and provides no further detail on what these expenses represent. As a result, the defendants may only recover $541.80 in photocopying expenses.

 B. **Witness Fees**

The plaintiff argues that because neither Christina Little nor Harold Rader testified at trial, the Court should not tax costs associated with witness fees paid to them. The general presumption is that "no fee may be taxed for someone who comes to the courthouse but does not testify at trial." *Smith v. Joy Technologies, Inc.*, Civil No. 11-270-ART, 2015 WL. 428115, at *7 (E.D. Ky. Feb. 2, 2015) (citing Charles Alan Wright & Arthur R. Miller, 10 Federal Practice and Procedure § 2678 (3d ed.). However, following the reasoning in several other

---

[1] The 5,418 pages represent the following: 1,487 pages produced by the defendants; 839 pages in plaintiff initial disclosures; and 3,092 pages filed in the record. *See* Record No. 203, p. 2.

circuits, the Sixth Circuit has concluded that it is not an abuse of a district court's discretion to grant witness fees for a witness who would have testified had the district court not excluded the testimony from other party's expert witness. *See Paschal v. Flagstar Bank*, 297 F.3d 431, 438 (6th Cir. 2002). Here, Rader was present at the courthouse and would have testified, had the Court not granted the defendants' Rule 50 motion at the close of the plaintiff's case. In line with the reasoning in *Paschal*, Rader's associated witness fee may be properly taxed.

Christina Little is a different story. She was a named defendant in this action but not present during trial. And while she was under subpoena to testify, the defendants' counsel advised the Court at the time of trial that she was not present. It cannot be said that she would have testified if the Court had denied the defendants' motion at the conclusion of the plaintiff's case. Accordingly, the witness fee for Rader ($62.78) will be taxed, but the witness fee for Christina Little will be disallowed.

### C. Indigence

There are several arguments a losing party can make that may be sufficient to overcome the presumption in favor of awarding costs and expenses, including the losing party's good faith, the difficulty of the case, the winning party's behavior, the necessity of the costs, and the indigency of the losing party. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Harris claims he "is of very modest means," due to being unemployed. The burden is on the losing party to show inability to pay sufficient to overcome the strong presumption that the prevailing party should recover its costs. *Corder v. Lucent Techs. Inc.*, 162 F.3d 924, 929 (7th Cir. 1998).

Harris' conclusory statement does not meet this burden. He has failed to show he is indigent or that he would be unable to pay the award. Indeed, he submitted no documentary

proof to substantiate the claim that he is having financial difficulties. Moreover, there is a difference between having financial difficulties and being unable to pay.

Accordingly, it is hereby

**ORDERED** as follows:

1. The defendants' Bill of Costs [Record No. 199] is **GRANTED,** in part, and **DENIED**, in part. The plaintiff's objections to the defendants' Bill of Costs are sustained, in part, and overruled, in part, as explained more fully above.

2. The Clerk of Court is **DIRECTED** to tax as costs, the following items:

   a. $2,597.15 for printed or electronically recorded transcripts necessarily obtained for use in the case;

   b. $541.80 for necessary copies;

   c. $62.78 for the appearance of Harold Rader;

   d. $66.27 for the appearance of Kevin Johnson;

   e. $64.09 for the appearance of Jeff Culver;

   f. $41.64 for the appearance of Dan Smoot.

3. In summary, the taxable costs awarded to the moving defendants total $3,373.73.

This 26th day of April, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge